No. 19.—EDWARD CAREY, assignee of the Bank of Columbus, plaintiff in error, *vs.* KITTURAII C. ECTOR, administratrix of WILEY B. ECTOR, deceased, and others, defendants.

[1.] An application by a defendant to file a supplemental answer in Chancery, will be narrowly and closely inspected; and to authorise the Court to allow it, a just and necessary case must be clearly made out.

The application to the Court for leave to file a supplemental answer, on the ground of a mistake in fact, or surprise, must be accompanied with an affidavit, in which the defendant must swear that when he put in his original answer he did not know the facts or circumstances upon which he applies, or any other circumstances upon which he ought to have stated the facts otherwise; or that when he swore to his original answer, he meant to swear in the sense which he now desires to be at liberty to swear to it.

In Equity, in Muscogee Superior Court, before Judge ALEXANDER, May Term, 1849.

Edward Carey, as the assignee of the Bank of Columbus, filed a bill against Kitturah C. Ector, administratrix of Wiley B. Ector, deceased, and others, stockholders in the Planters' & Mechanics' Bank of Columbus, to recover from each of them, under the provision of the charter of the bank, their proportion or *pro rata* share of a judgment recovered by the Bank of Columbus against the Planters' & Mechanics' Bank for $50,000, founded upon that amount of the bank bills issued by said bank.

On the 15th June, 1849, the answer of Kitturah C. Ector, administratrix, &c. was filed, and immediately upon the filing thereof, her counsel moved the Court for leave to file an amendment to the answer. This application was based upon the statement of counsel to this effect: "That said Kitturah C. was a female residing in the State of Mississippi, having removed there since the filing of this bill, and a short time after making out the answer filed; that the counsel did not think, that of her own knowledge, she knew but little or any thing of the facts set forth in the proposed amendment; and that the counsel knew as much about the facts sought to be introduced by amendment upon the filing of the original answer, as they did at the time of the application, except that since the time of writing the original answer, they have discovered that John Banks, a co-defendant, owned a greater number of shares than he had been sued for; and that when the an-

swer was written out, they supposed that John Banks had not been sued at all, in which they found themselves mistaken."

Whereupon the Court granted the motion to amend, and passed the following order:

" It is on motion, ordered, that Kitturah C. Ector, administratrix, &c. have leave to file an amended answer to said bill within sixty days from the adjournment of the Court," &c. ·

To this ruling and decision, counsel for complainant excepted.

W. DOUGHERTY, for plaintiff in error.

JAS. JOHNSON, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

The error assigned to the decision of the Court below is, the allowing the defendant to amend her answer upon the showing made for that purpose.

[1.] The rule in regard to the amendment of a sworn answer in Chancery, is remarkably stringent. Where, however, there has been a clear mistake of a fact, the defendant must move to put in a *supplemental* answer, and accompany his motion with an affidavit, in which he must swear, that when he put in the original answer, he did not know the facts or circumstances upon which he applies, or any other circumstances upon which he ought to have stated the facts otherwise; or that when he swore to his original answer, he meant to swear, in the sense which he now desires to be at liberty to swear to it. 2 *Maddock's Chan. Practice*, 376. *Wells vs. Wood*, 10 *Vesey*, 401. *Linsey vs. Wilson*, 1 *Vesey & Beame*, 149. *Bowen vs. Cross*, 4 *John. Ch. Rep.* 375. *Martin vs. Anderson*, 5 *Georgia Rep.* 390.

The bill which the defendant answered, was filed against her, John Banks and others. Not to know who were her co-defendants in the bill which she was answering, betrays gross negligence on her part, or that of her solicitors. All the facts incorporated in the proposed supplemental answer, were as well known to the defendant's solicitors when they drew her answer, as at the time of the application, "except that since the writing out of said original answer, they have discovered that John Banks owned a greater number of shares than he has been sued for." The statement of

the defendant's solicitors is, that the defendant "of her own knowl-edge, knows *but little*, or anything, of the facts set forth in the pro-posed amendment;" *that little*, however, may be the very matter proposed by the amendment, which her solicitors say they *did not know*. In any event, her affidavit to the point would have been much more satisfactory. In *Wells vs. Wood*, Lord *Eldon* said, "A defendant making this application, must make out such a case, that it shall appear due to general justice to permit the issue to be alter-ed." 10 *Vesey*, 401. In *Bowen vs. Cross*, 4 *John. Ch. Rep.* 377, Chan-cellor *Kent* said, "there can be no doubt that the application ought to be *narrowly* and *closely* inspected, and a *just* and *necessary* case clearly made out." So far from the defendant having made out a *just* and *necessary* case for the exercise of the discretion of the Court in favor of the proposed amendment of her answer, no other object can be accomplished by allowing it, that we can discover, than to prejudice the complainant by delay. To allow a defendant to amend her answer in the particular proposed, and upon the showing made for that purpose, would be, in our judg-ment, to establish a most mischievous practice; therefore we feel constrained to control the discretion of the Court below in allow-ing it.

Let the judgment of the Court below be reversed.